Alfonso Cavallaro *v.* Brooks B. Offen et al.

Superior Court     New Haven County     File No. 106314
AT NEW HAVEN

Memorandum filed December 1, 1969

*Albert R. Annunziata,* of New Haven, for the plaintiff.

*David E. FitzGerald, Jr.,* of New Haven, for the defendants Offen.

*Francis J. Moran,* of New Haven, for the defendants Wilson.

Parskey, J. In this case the jury returned a verdict of $27,791 against the defendants. The jury could reasonably find that the accident was caused by the negligence of the defendant operators. Both had pleaded guilty to violation of statute, Wilson to illegal parking, Offen to following too closely. The defendants have filed motions to set aside the verdict on the ground that it is excessive.

The medical specials totaled $546. An additional bill of $6.21 to Yale Surgical was questionably related. The property damage was stipulated to be $1245. The maximum loss of earning capacity was $1000. The plaintiff sustained an injury to his neck and back. He was last seen by Dr. Shutkin in August, 1965, some twenty months postaccident, at which time it was Dr. Shutkin's opinion that the plaintiff had fully recovered from his neck injury

but had a residual disability of 10 percent due to his back. At the time of trial the plaintiff, at age sixty-five, had a life expectancy of thirteen years. It is apparent from the foregoing that the jury awarded general damages of $25,000.

One who believes in the jury system must approach every jury verdict with full recognition that the range of reason, while not as vast as space itself, nevertheless covers a broad area. The verdict must be viewed with field glasses and not with a microscope. It must be viewed in the light of the considered value judgments of the court and counsel during the course of the trial. Viewed in this light, certain factors should be noted. Counsel for the defendants and the court agreed that at the minimum a verdict of $10,000 was to be anticipated. The court expressed the opinion that a verdict of $15,000 was probable. In that context the most that can be said about the actual verdict is that it was overly generous. If the size of the verdict were the only consideration, the court would not be inclined to disturb it.

In this case, however, the court is satisfied that the size of the verdict may be directly related to improper argument by plaintiff's counsel. In his argument he not only commented on the fact that Offen denied liability after pleading guilty to violation of the following too closely statute (General Statutes § 14-240) but thereafter on at least three occasions suggested to the jury that they return a substantial verdict "not for the wrong reasons but for the right reasons." This transparent apophasis by plaintiff's counsel suggested to the jury that they penalize Offen for having the temerity to deny liability in the face of his guilty plea. And since both defendants had pleaded guilty to violation of statute, the suggestion was equally applicable to Wilson

if he were found negligent. Although the court referred to counsel's tactic in its charge, the reference was so subtle as to be virtually recondite. Under these circumstances, to permit the plaintiff to be the beneficiary of such improper argument would tend to encourage the practice of trial by innuendo.

Accordingly, the verdict is set aside and a new trial is ordered limited to the issue of damages unless within three weeks from the filing of this memorandum a remittitur of $7791 is filed by the plaintiff. If such remittitur is filed, judgment shall enter for $20,000.