## BOARD OF EDUCATION *v.* DOW CHEMICAL CO.

SUPERIOR COURT  JUDICIAL DISTRICT OF  FILE No. 235286
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed August 1, 1984

*Riscassi & Davis,* for the plaintiff.

*Gordon, Muir & Foley,* for the named defendant.

WAGNER, J. This is an action by the plaintiff school board to recover for damages to the roofs of two schools in its district allegedly resulting from the use of the defendant's insulation products when the schools were constructed in 1967. In count one, the plaintiff alleges that the named defendant, Dow Chemical Company (Dow), negligently manufactured a roofing insulation product which was incorporated in the plaintiff's roofs. Count two sounds in strict products liability relative to the same product. In count three, the plaintiff alleges Dow acted recklessly and, in consequence thereof, the plaintiff seeks punitive damages. Dow has raised by special defenses the claims that counts one through three of the plaintiff's complaint are barred by the applicable statutes of limitations.

The plaintiff moves to strike these special defenses on the ground that the school board enjoys the sovereign immunity of the state and is, therefore, immune to the statute of limitations defense.

The legal sufficiency of a complaint or special defense thereto may be challenged by a motion to strike. Practice Book § 152; *Ivey, Barnum & O'Mara* v. *Indian Harbor Properties, Inc.,* 190 Conn. 528, 530 n.2, 461 A.2d 1369 (1983). The movant must specifically state within the motion the grounds and reasons for the alleged insufficiency. Practice Book § 154. A trial court, in passing upon a motion to strike, should not consider grounds other than those specified. *Meredith* v. *Police Commission,* 182 Conn. 138, 141, 438 A.2d 27 (1980).

The plaintiff contends that it is not subject to a statute of limitations defense because it is clothed in sovereign immunity as an agent of the state. The protections offered by the doctrine of sovereign immunity have been extended to agents of the state acting in its behalf. *Cahill* v. *Board of Education,* 187 Conn. 94, 101, 444 A.2d 907 (1982). A board of education is an agency of the state in charge of education in a town. *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 372, 355 A.2d 265 (1974). Local boards of education are not agents of the state, however, in performing each and every mandated function. *Cheshire* v. *McKenney,* 182 Conn. 253, 257, 438 A.2d 88 (1980). Local boards of education act as agents of the state when fulfilling the statutory duties imposed upon them by the legislature in light of the state constitutional mandate to furnish public education. *Cheshire* v. *McKenney,* supra, 257–58. Local boards of education also are agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits. Id., 258–59; *Cahill* v. *Board of Education,* supra, 101–102; see General Statutes §§ 10-220, 10-240.

In determining whether a local school board is afforded the protections consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to control or interfere with the activities of the state. *Cahill* v. *Board of Education,* supra, 102; *Lostumbo* v. *Board of Education,* 36 Conn. Sup. 293, 295, 418 A.2d 949 (1980). The maintenance of school property is not encompassed within the educational activities of the state. *Lostumbo* v. *Board of Education,* supra, 294–95. The funding source for such building and maintenance is primarily a local responsibility. Id. This court concludes that a local school board acting to recover damages arising from the construction of the physical plant of a school building is not acting as a state agent and, therefore, would not be entitled to employ the doctrine of sovereign immunity as a shield from the defense of the statute of limitations.

Unlike the state, a town has no sovereign immunity. *Murphy* v. *Ives,* 151 Conn. 259, 196 A.2d 596 (1963). Limited immunity from liability has been granted to municipalities where the municipality, through its agent or employee, acts in the performance of a governmental duty. *Gauvin* v. *New Haven,* 187 Conn. 180, 445 A.2d 1 (1982); *Tango* v. *New Haven,* 173 Conn. 203, 204, 377 A.2d 284 (1977). It is well established however, that providing education to the public is a governmental function.

The defendant urges the court to consider whether the transaction which is the subject of this litigation is "governmental" or "proprietary" in nature, contending that proprietary functions of a school board should not be vested with any protective shield of immunity. Somewhat related to this claim is the defendant's other contention that even if the school board has governmental immunity in its own right, its action to recover for defects in the roof waived that immunity.

The plaintiff's motion to strike is denied.