[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
I. Factual and Procedural Background
On January 16, 1995, the plaintiff, Bogdan Skierkowski, filed a six count revised and amended complaint against the defendant, Creative Graphics Services Corporation, alleging breach of contract, negligent misrepresentation, breach of implied covenant of good faith and fair dealing, wrongful termination, negligent infliction of emotional distress, and failure to pay earned vacation time. He contends that he worked for the defendant as an "offset stripper" from on or about October 1, 1988 until on or about May 11, 1994, CT Page 4726 when defendant terminated his employment.
During the course of his employment, the plaintiff alleges to have informed defendant of poor working conditions including drug use and trafficking at work and lack of proper management and oversight on his work shift on two specific occasions. Shortly after the second occasion, the defendant terminated plaintiff's employment. The plaintiff alleges that defendant explained that he was being terminated "due to problems with him" and that defendant did so in the presence of two other employees. According to plaintiff, the defendant lacked just cause with which to terminate his employment.
The plaintiff contends that while in the employ of the defendant, the defendant made various representations to him, including the following: (1) that the defendant believed in good working conditions, reasonable job security and the opportunity and incentive for advancement; (2) that new employees were on probation for ninety days and while on probation could be dismissed at any time; (3) that seniority is a factor in determining whether an employee would receive a raise or promotion; (4) that employees would be evaluated annually; (5) that employees could be immediately dismissed for certain acts; and (6) that the plaintiff would be trained in the computer department.
In light of such representations, the plaintiff believes that his termination was without cause and that he relied on these representations to his detriment by remaining employed by the defendant. He has therefore commenced this action. In response, the defendant has, pursuant to Conn. Practice Book § 151, et seq, moved to strike counts one through five inclusive, of the revised and amended complaint on the basis that each identified count fails to state a claim upon which relief can be granted.
Both defendant's memorandum in support of its motion to strike and the plaintiff's memorandum in opposition address counts one, two, and five individually, and counts three and four together. In keeping with this format, this court's memorandum of decision will be structured this way as well.
II. Law
The purpose of a motion to strike is to test "the CT Page 4727 legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15
(1992); Practice Book § 152. The motion to strike admits all facts well pleaded including those necessarily implied under the allegations. D'Ulisse-Cupo v. Board of Directors of NotreDame High School, 202 Conn. 206, 208 (1987). In considering a motion to strike, the court must view all facts alleged in the complaint in a manner most favorable to the pleader. Rowe v.Godou, 209 Conn. 273, 278 (1988). A motion to strike raising any claims of legal insufficiency shall separately set forth each such claim and shall distinctly specify reasons(s) for each such insufficiency. Practice Book § 154; Board ofEducation v. Dow Chemical Co., 40 Conn. Sup. 141, 142 (1984).
In reviewing and deciding a motion to strike, the court may not consider factual representations made at oral argument nor may it accept affidavits or other documentary proof in support of the motion. Moreover, a court must find that a motion to strike is improper if it relies on facts not contained in the challenged pleading. Connecticut State OilCo. v. Carbone, 36 Conn. Sup. 181, 182-83 (Sup.Ct., 179). However, a pleading that "on its face if legally insufficient" is subject to a motion to strike, even though facts may exist which, if properly pleaded, would establish a cause of action upon which relief could be granted. Baskin's Appeal from Probate,194 Conn. 623, 640 (1984).
III. Discussion
A. Count One: Breach of Contract
The first count of the plaintiff's revised and amended complaint sets forth allegations that the defendant made certain representations to the plaintiff, upon which he relied in continuing to work for the defendant. The count further alleges that said representations gave rise to an implied employment contract under which the plaintiff legitimately believed that he could not be terminated without just cause. He contends that the defendant breached this implied contract and that he has suffered damages as a result. The defendant argues that this count is insufficient to state a claim upon which relief can be granted because oral communications do not form the basis of a contract, plaintiff did not rely upon any such communications, and because defendant had cause to terminate CT Page 4728 plaintiff's employment. As such, the defendant argues that this court should strike this count of the revised and amended complaint. This court does not agree.
In alleging that the defendant made representations which gave rise to an employment contract which the defendant then breached causing the plaintiff to suffer damages, the plaintiff has presented a sufficient claim upon which, if proven, relief can be granted. It has been established that an implied contract can arise via the words, action or the conduct of an employer to an employee, so long as there is actual agreement between the parties. Coehlo v. Posi-Seal International,Inc., 208 Conn. 106, 111-112 (1988). In determining whether such words, actions or conduct of an employer have created an implied contract, the intention of the parties, including inferences of fact, must be considered. Id. Inference of fact is a jury function. Id.
In paragraphs five through ten of the plaintiff's revised and amended complaint, the plaintiff presents various representations allegedly made to him by the defendant concerning his employment and the overall employment practices of the defendant. It is up to the trier of fact to determine the validity of these alleged representations. If valid, the trier of fact must then establish if such representations did in fact create an implied contract. If and when it is determined that said contract existed, the trier of fact will then entertain the issues raised by the defendant regarding whether or not the plaintiff relied on the representations and whether or not the defendant has just cause in terminating the plaintiff's employment. Accordingly, because there have been facts alleged which could, by law, give rise to an employment contract, the defendant's motion to strike the first count of the revised and amended complaint are denied.
B. Count Two: Negligent Misrepresentation
In the second count of the revised and amended complaint, plaintiff alleges that he relied on various representations made by defendant to his detriment and that defendant knew or should have known that plaintiff would so rely. Defendant contends that plaintiff does not allege that the representations were false; plaintiff does not allege that defendant failed to exercise reasonable care or competence in communicating information to plaintiff; defendant acted in accordance CT Page 4729 with the alleged representations; the representations fell short of a definite promise that plaintiff was reasonable in relying on. These contentions have lead defendant to conclude that the plaintiff's claim is insufficient grounds upon which to grant relief and that therefore this count of the revised and amended complaint must be stricken. This court does not agree.
Connecticut recognizes a cause of action for negligent misrepresentation in an employment setting when the employer fails ". . . to exercise reasonable care in making representations to an employee on which the employee relied to his detriment." D'Ulisse-Cupo, 202 Conn. at 219-20. It is not necessary for the alleged representations to be promissory in nature but the misrepresentations must be false. Id. at 218. In addition, where there is an allegation that defendant negligently misrepresented facts there is an implication of failure on the defendant's part to exercise reasonable care or competence in communicating said facts. Id. at 220.
The plaintiff's allegations in this count of the revised and amended complaint include various representations made by defendant, plaintiff's reliance on these representations, defendant's failure to act in accordance with the representations, and that plaintiff suffered a loss as a result. While it is true, as defendant contends, that plaintiff does not state specifically that the alleged representations were false, such an allegation is not necessary in this case. The allegations, when taken together, create an inference that the representations were false and since all factual allegations and inferences must be construed most favorably to the pleader;Rowe, 209 Conn. at 278; Sheet's, 79 Conn. at 472; this count is sufficient in that regard.
The same holds true for defendant's contention that plaintiff failed to allege that defendant failed to exercise reasonable care or competence in communicating the information to plaintiff. As stated above, by alleging misrepresentation plaintiff created an inference that necessarily implies failure to exercise reasonable care in communicating. D'Ulisse-Cupo,202 Conn. at 220. As such, plaintiff has properly alleged defendant's failure to exercise reasonable care in communicating.
Whether or not defendant acted in accordance with the alleged representations, as defendant contends, is a question CT Page 4730 for the trier of fact to decide in the future of these proceedings and such argument has no relevance here. Plaintiff has alleged that defendant did not act in accordance with said representations and that plaintiff has relied to his detriment. Such allegations are sufficient. Id. at 219-20.
Finally, defendant asserts that the representations fell short of a definite promise that plaintiff was reasonable in relying on. However, as stated above, the alleged representations need not be promissory in nature. Id. at 218. Therefore, defendant's assertion is irrelevant.
Accordingly, because plaintiff has alleged facts which properly give rise to a claim for negligent misrepresentation, defendant's motion to strike the second count of the revised and amended complaint is denied.
 C. Counts Three and Four: Breach of Implied Covenant of Good Faith and Fair Dealing and Wrongful Termination
The third and fourth counts of the plaintiff's revised and amended complaint allege that the plaintiff was terminated in retaliation for complaining about working conditions, drug use and drug trafficking at work in gross violation of public policy as embodied in the Connecticut labor laws, laws and regulations with respect to occupational health and safety of employees, and the criminal laws of the State of Connecticut with respect to illegal drug use and trafficking. Plaintiff has alleged damages as a result. Defendant, in arguing that these counts are insufficient to state claims upon which relief can be granted asserts that in both counts plaintiff has failed to allege that there has been a violation of some recognized public policy. This contention is clearly erroneous and therefore the court does not agree.
Counts three and four of the revised and amended complaint clearly spell out allegations that the plaintiff's termination violates some recognized public policy. In Connecticut there is a tort cause of action for wrongful discharge by an employee-at-will if discharged for a reason that violates public policy. Sheet's v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 472 (1980). Connecticut also imposes a duty of good faith and fair dealing in employment contracts. Magnan v.Anaconda Industries, Inc., 193 Conn. 558, 563 (1984). As with wrongful termination, in order to maintain an action for breach CT Page 4731 of the implied covenant of good faith and fair dealing, the termination must have been for a reason which violates public policy. Id. at 572.
The allegations, then, as presented by plaintiff that claims that his termination violated public policy as embodied in Connecticut labor laws, OSHA regulations and Connecticut criminal statutes are sufficient to state a claim for breach of implied covenant of good faith and fair dealing and wrongful termination. Whether these allegations have merit is not up to this court to decide at this time but rather for the trier of fact to determine later in these proceedings. Accordingly, defendant's motion to strike counts three and four of the revised and amended complaint is denied.
D. Count Five: Negligent Infliction of Emotional Distress
In count five of the revised and amended complaint, plaintiff alleges that in terminating his employment, defendant negligently inflicted emotional distress upon him and that defendant should have realized that such termination involved an unreasonable risk of causing such emotional distress which might result in illness or bodily harm. In response, defendant contends that this count is insufficient to state a claim upon which relief can be granted because plaintiff did not allege facts that, if taken to be true, show that defendant's conduct in terminating plaintiff's employment was unreasonable. Defendant therefore argues that this court should strike count five of plaintiff's revised and amended complaint. This court is again not persuaded.
Connecticut recognizes a cause of action for negligent infliction of emotional distress in the employment setting. Morris v. Hartford Courant Co., 200 Conn. 676, 681-682
(1986). In order for plaintiff to recover for negligent infliction of emotional distress, he must first plead and then establish that defendant should have realized that its conduct involved an unreasonable risk of causing such emotional distress which might result in illness or bodily injury. Id., at 683. The complaint is not sufficient if it simply alleges mere termination. Anthony Chieffalo v. Norden Systems, Inc. et al,
12 Conn. L. Rptr. No. 20, 656, 657 (December 12, 1994). Rather, a complaint must allege more, for instance, that the actual termination was ". . . done in an inconsiderate, humiliating, or embarrassing manner.": See Leniart v. C S Distributors,CT Page 4732Inc., Superior Court, J.D. of Hartford/New Britain at Hartford, DN 516354 (January 21, 1994) (Corradino, J.).
In the case at hand, plaintiff has alleged various representations which, according to plaintiff, led him to believe that he had job security to at least some degree. He further alleges that he relied on this belief. Finally, he alleges that he was terminated in the presence of two other employees wherein defendant stated that he was terminated due to problems with him.
Plaintiff submits that such allegations constitute more than mere termination in that plaintiff believed that he had reasonable job security and that, as a result, his termination was completely unexpected. Moreover, his termination, which occurred in the presence of two other employees, was inconsiderate, humiliating, and embarrassing.
This court, in construing all the allegations and inferences in favor of the pleader, concurs with plaintiff's submission that he has alleged more than mere termination. This, coupled with the fact that plaintiff has clearly alleged that defendant should have realized that by terminating plaintiff defendant created an unreasonable risk of causing plaintiff emotional distress, properly states a claim for negligent infliction of emotional distress. Defendant's challenge to the sufficiency of this count of the revised and amended complaint therefore fails. Accordingly, defendant's motion to strike this count is denied.
IV. Conclusion
For the foregoing reasons, defendant's motion to strike counts one through five of the revised and amended complaint is hereby denied.
SUSAN B. HANDY JUDGE, SUPERIOR COURT