[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
On August 29, 1996, the plaintiff filed a complaint against G. Kevin Spooner, Cedar Street Condominium Association, Inc. and Jeffrey Fengler, seeking, inter alia, strict foreclosure of property pledged as security on a note. On September 24, 1996, the plaintiff filed a motion for default against the defendants for failure to appear. The motion was granted by the court as to Cedar Street Condominium Association, Inc. On October 3, 1996, the plaintiff filed a motion for default against Jeffrey Fengler for failure to plead. The motion was granted by the court.
The remaining defendant, G. Kevin Spooner, filed his answer to the complaint on October 22, 1996, in which he asserts special defenses in eleven separate paragraphs. On December 30, 1996, the plaintiff filed a request to revise paragraphs six through ten of ; the special defenses to either define the term "lender" used in those paragraphs or to restate the special defenses to assert a defense against the plaintiff in particular rather than against the "lender." Also on December 30, the plaintiff filed a demand for disclosure of defense. On January 2, 1997, the plaintiff filed a motion for default for failure to disclose defense[1]. CT Page 590
On January 15, 1997, the defendant filed a request for extension of time to respond to the plaintiff's request to revise. The court granted the defendant an extension of thirty days in which to comply with the request to revise. On March 27, 1997, the plaintiff filed a motion for default against the defendant for failure to file a responsive pleading to the request to revise. The motion was denied by the court. Finally, on October 24, 1997, the plaintiff filed a motion to strike the defendant's special defenses and an accompanying memorandum in compliance with Practice Book §§ 152 and 155. The plaintiff asserts that because the defendant has failed to respond to the request to revise, pursuant to Practice Book § 149 the request is deemed granted and in the absence of an objection by the defendant a motion to strike the special defenses is appropriate.
"The legal sufficiency of a complaint or special defense thereto may be challenged by a motion to strike." Board of v. DowChemical Co., 40 Conn. Sup. 141, 142, 482 A.2d 1226 (1984). See Practice Book § 152 (5); Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker,39 Conn. Sup. 20, 21, 269 A.2d 83 (1983). "[A] motion to strike is not the proper vehicle for elimination of irrelevant, immaterial or otherwise improper allegations. . . . [T]he proper vehicle would [be] a request to revise. . . . Practice Book Section 147 (2)."[2] (Citation omitted.) Nieves v. Lane, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 289280 (January 5, 1993, Leheny, J.) (8 Conn. L. Rptr. 178). "The request to revise is a [request] for an order directing the opposing party to revise his pleading in the manner specified. . . . Although the request to revise may not ordinarily be used to substantively challenge a pleading, it may be used to delete otherwise improper allegations from a [pleading]. . . . The motion to strike, on the other hand, challenges the legal sufficiency of the pleading (Citations omitted; internal quotation marks omitted.) Doe v. Marselle,38 Conn. App. 360, 363, 660 A.2d 871 (1995), rev'd on other grounds,236 Conn. 845, 675 A.2d 835 (1996).
The plaintiff's challenge to the special defenses raised by the defendant is not premised upon legal or substantive insufficiency. Rather, the challenge is based on a procedural CT Page 591 defect by the defendant in failing to respond to the plaintiff's request to revise by either filing revised special defenses or an objection to the request. Therefore, a motion to strike the special defenses is improper and is denied.
The fact that the defendant has failed to respond to the request to revise is, however, troublesome. Practice Book § 149 provides, in pertinent part, that a request to revise which has been properly served on the appropriate parties and filed with the court "shall be deemed to have been automatically granted by the court on the date of filing and shall be complied with by the party to whom it is directed within thirty days of the date of filing the same, unless within thirty days of such filing the party to whom it is directed shall file objection thereto." Indeed, "[t]he proper procedure in cases where a party has failed to comply with a request to revise is to file a motion for default or nonsuit pursuant to Practice Book § 363."Gregory v. Anson Getty, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 087721 (April 15, 1997, Levin, J.), citing Enquire Printing Publishing Co. v. O'Reilly,193 Conn. 370, 378 n. 12, 477 A.2d 648 (1984); see Allard v.Johnson Memorial Hospital, Superior Court, judicial district of Tolland at Rockville, Docket No. 042988 (August 9, 1990, Jackaway, J.) (same); see also Town of Wilton v. McGovern, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 104538 (February 6, 1991, Katz, J.) (deleting defendants' counterclaim and setoff as a matter of law for failure to comply with-Practice Book § 149), appeal dismissed, 33 Conn. App. 517, 636 A.2d 870 (per curiam), cert. denied, 228 Conn. 929, 640 A.2d 116 (1994). Practice Book § 363 provides, in pertinent part: "Where either party is in default by reason of failure to comply with Secs. 114, 147, 222, 226 or 229, the adverse party may file a written motion for a nonsuit or default . . . ."
The plaintiff did file a motion for default against the defendant for failure to plead in compliance with Practice Book § 149 on March 27, 1997. The court denied the motion apparently on the grounds that the defendant sufficiently filed his answer and special defenses to the complaint and that it is unclear whether the motion to revise raises appropriate bases for requesting revision of the language of the special defenses. Nevertheless, it is appropriate for the court to order the defendant to comply with Practice Book § 149 by filing objections to the request for revision or a revised answer and CT Page 592 special defenses incorporating the requested changes or clarifications within a specified period of time. In addition, it is also appropriate for the court to indicate that a failure to so comply will subject the defendant to a default judgment for failure to plead.
The defendant is given two weeks to comply with the plaintiff's request, otherwise upon Motion of the plaintiff default will enter.
THE COURT
CURRAN, J.