[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On April 15, 1998, the defendants filed a disclosure of defenses to the foreclosure complaint and on April 17, 1998, filed their answer and three special defenses. The defendants allege in their special defenses that because the plaintiff required them "to pay into escrow accounts monies for real estate taxes, insurance and other items in an amount in excess of the sums provided for in the mortgage contracts," the plaintiff (1) is estopped from accelerating the loan and foreclosing the mortgage, (2) has unclean hands and (3) breached the implied covenant of good faith and fair dealing.
The plaintiff moves to strike the defendants' special defenses on the ground, inter alia, that they fail to state valid defenses because they do not attack the making, validity or enforcement of the note or mortgage.
"The legal sufficiency of a complaint or special defense thereto may be challenged by a motion to strike." Board ofEducation v. Dow Chemical Co., 40 Conn. Sup. 141, 142,482 A.2d 1226 (1984); see Practice Book § 152(a)(5), now Practice CT Page 8932 Book (1998 Rev.) § 10-39 (a)(5); Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. I 20, 21, 269 A.2d 83 (1983).
"A special defense requires the pleading of facts which are consistent with the plaintiff's statement of facts, but show, nevertheless, that [the plaintiff] has no cause of action." (Internal quotation marks omitted.) Bank of New Haven v. Liner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.); see Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). "The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (Citations omitted; internal quotation marks omitted.) Mundaca Investment Corp. v. Atwood, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319174 (February 21, 1996, Moran, J.); see also GMAC Mortgage Corp. v.Ferrante, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343559 (October 3, 1997, West, J.); StateStreet Mortgage Co. v. Silano, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052499 (February 6, 1997, Curran, J.). "These special defenses have been recognized as valid special defenses where they were legally sufficient andaddressed the making, validity or enforcement of the mortgageand/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder." (Citations omitted; emphasis added; internal quotation marks omitted.) Rinere v. M. Kalfus Building Design Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 388220 (January 30, 1997, Celotto, S.T.R.); see Dime Savinqs BankCT Page 8933of New York v. Furrey, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.).
The defendants' special defenses do not challenge the making, validity or enforcement of the note or mortgage. Rather, the special defenses apparently attack merely an act or procedure of the plaintiff in allegedly requiring the defendants to pay into escrow monies for real estate taxes, insurance and other items in an amount in excess of the sums provided for in the mortgage contracts. The plaintiff's motion to strike the special defenses is granted.
THE COURT
By Curran, J.