[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #112
In this foreclosure action, the plaintiff filed a complaint in the judicial district of New Haven on March 16, 1998 seeking, inter alia, foreclosure of the mortgage, possession of the property, attorney's fees, costs and a deficiency judgment against the defendant Charles Shaver. On May 13, 1998, the CT Page 10563 defendant filed a disclosure of defense setting forth the existence of five separate defenses to the action.
On May 22, 1998, the plaintiff filed a motion to transfer the matter to the judicial district of Ansonia-Milford. The motion was granted by the court, Celotto, J., on June 30, 1998.
On June 9, 1998, the defendant filed his answer and five special defenses. The first special defense asserts that the plaintiff has failed to satisfy conditions precedent to the commencement or the foreclosure action since it has failed to give proper notice of the default and acceleration as required under the note or mortgage and "has not allowed for or responded to defendant's requests for reinstatement and information relative to same as provided for in the subject note and therefore should be denied the relief it is seeking in this matter." The second special defense alleges that the plaintiff has acted in bad faith and has breached the covenant of good faith and fair dealing. The third special defense alleges that the plaintiff has unclean hands. The fourth special defense alleges that "[t]he plaintiff and its predecessors have acted improperly, unconscionably and tortiously toward the defendant and therefore he is entitled to setoffs" in that "the plaintiff has failed to properly notify or respond to inquiries of the defendant relative to payments, instructions and reinstatement inquiries or honor promises and agreements regarding same." Finally, the fifth special defense alleges that "the plaintiff may be an out of state corporation transacting business in this state without proper statutory authority and therefore may be precluded from bringing or maintaining this action."
On July 31, 1998, the plaintiff filed a motion to strike the defendant's special defenses. On August 14, 1998, the defendant filed an objection and memorandum in opposition to the plaintiff's motion to strike.
"The legal sufficiency of a complaint or special defense thereto may be challenged by a motion to strike." Board ofEducation v. Dow Chemical Co., 40 Conn. Sup. 141, 142,482 A.2d 1226 (1984); see Practice Book § 152(a)(5), now Practice Book (1998 Rev.) § 10-39 (a)(5); Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker,39 Conn. Sup. 20, 21, 269 A.2d 83 (1983). CT Page 10564
The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleadings] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). Where the facts provable under the allegations would not support a special defense, the motion to strike must be granted. Alarm ApplicationsCo. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545,427 A.2d 822 (1980). In addition, "[a] motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
Practice Book § 164, now Practice Book (1998 Rev.) §10-50, provides, in pertinent part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. . . ." Practice Book § 10-50; see Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992); Bank of New Haven v.Liner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.).
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." State Street Mortgage Co. v. Silano, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052499 (February 6, 1997, Curran, J.). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (Citations omitted; internal quotation marks omitted.) MundacaInvestment Corp. v. Atwood, Superior Court, judicial district of CT Page 10565 Fairfield at Bridgeport, Docket No. 319174 (February 21, 1996, Moran, J.); see also GMAC Mortgage Corp. v. Ferrante, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343559 (October 3, 1997, West, J.); State Street Mortgage Co. v.Silano, supra, Superior Court, Docket No. 052499. "These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder." (Citations omitted; internal quotation marks omitted.) Rinere v. M. Kalfus Building DesignCorp., Superior Court, judicial district of New Haven at New Haven, Docket No. 388220 (January 30, 1997, Celotto, S.T.R.); seeDime Savings Bank of New York v. Furey, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.).
As a basis for its motion to strike the first special defense, the plaintiff asserts that the special defense fails to allege sufficient facts and therefore is insufficient as a matter of law. This court has previously held that lack of proper notice of default in a foreclosure action "does not attack the making, validity, or enforcement of the mortgage, nor does it show that the plaintiff has no cause of action. Furthermore, the . . . special defense is not a recognized equitable defense." Bank ofNew Haven v. Liner, supra, Superior Court, Docket No. 034516. Therefore, the court concludes that the defendant's first special defense is insufficient as a matter of law, and therefore the plaintiff's motion to strike the first special defense is granted.
The plaintiff moves to strike the second special defense on the ground, inter alia, that it fails to allege sufficient facts. The second special defense alleges, without more, the bare legal conclusion that "[t]he plaintiff has acted in bad faith with regard to the note and mortgage allegedly at issue and has breached the covenant of good faith and fair dealing owed to the defendant pursuant to C.G.S. Section 42a-1-203."
"[B]reach of an implied covenant of good faith and fair CT Page 10566 dealing has been recognized as a valid special defense to a foreclosure action in Connecticut." (Internal quotation marks omitted.) GMAC Mortgage Corp. v. Ferrante, supra, Superior Court, Docket No. 343559. Although such a special defense has been recognized "under the guise of equitable principles . . . a defendant must plead sufficient facts to justify its application." (Internal quotation marks omitted.) Id. "The legal conclusions or opinions stated in the special defense are not deemed admitted, but rather must flow from the subordinate facts provided." County Federal Savings Loan Assoc. v. EasternAssociates, 3 Conn. App. 582, 586, 491 A.2d 401 (1985). Because the defendant's special defense alleges mere conclusions of law without any supporting facts, the plaintiff's motion to strike the second special defense is granted.
The plaintiff moves to strike the third special defense, alleging unclean hands, on the grounds that it fails to allege a cognizable defense to a foreclosure action and fails to attack the making, validity or enforcement of the note or mortgage. Like the second special defense, the third special defense fails to allege any facts in support, and consists of the bare legal conclusion that "[t]he plaintiff comes before this Court of equity with unclean hands."
Moreover, "[t]he defense of unclean hands to a mortgage foreclosure has generally been disallowed in this state."Mechanics Farmers Savings Bank, FSB v. Delco Development Co.,43 Conn. Sup. 408, 420, 656 A.2d 1075 (1993), aff'd,232 Conn. 594, 656 A.2d 1034 (1995). "Some courts have allowed it, but only when the allegations relate to the making, enforcement or validity of the note." Rinere v. M. Kalfus Building DesignCorp., supra, Superior Court, Docket No. 388220; see alsoBerkeley Federal Bank Trust, FSB v. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996, West, J.). The defendant's third special defense alleges no facts that in no way relates to the making, validity or enforcement of the underlying note and fails to demonstrate that the plaintiff does not have a cause of action. Therefore, the court grants the plaintiff's motion to strike this defense.
The plaintiff moves to strike the fourth special defense on the grounds that it (1) alleges insufficient facts, (2) fails to attack the making, validity or enforcement of the note or mortgage and (3) fails to state a cognizable defense to a CT Page 10567 foreclosure action. The fourth special defense alleges that "[t]he plaintiff and its predecessors have acted improperly, unconscionably and tortiously toward the defendant and therefore he is entitled to setoffs" in that "the plaintiff has failed to properly notify or respond to inquiries of the defendant relative to payments, instructions and reinstatement inquiries or honor promises and agreements regarding same."
The fourth special defense is apparently based upon the plaintiff's refusal to engage in workout negotiations. "In the absence of a restructure agreement in the loan documents, a failure by the plaintiff to attempt to negotiate or restructure the terms of the loan after default, and then [seek] foreclosure, does not implicate the making, validity or enforcement of the note or mortgage. . . . The rationale behind this is that the failure to restructure the loan following a default does not address the making or validity of the mortgage, and does not alter the plaintiff's right to foreclose against the defendants."Dime Savings Bank of New York, FSB v. Furey, supra, Superior Court, Docket No. 047557; see also GMAC Mortgage Corp. v.Ferrante, supra, Superior Court, Docket No. 343559; CiticorpMortgage, Inc. v. Miller, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326759 (December 17, 1996, West, J.). The defendant has alleged no facts indicating that the loan documents include a restructure agreement. Therefore, the court grants the plaintiff's motion to strike the fourth special defense since it fails to attack the making, validity or enforcement of the note or mortgage.
Finally, the plaintiff moves to strike the fifth special defense on the ground, inter alia, that it alleges insufficient facts to constitute a valid special defense to a foreclosure action. The defendant alleges in the fifth special defense that the plaintiff may be precluded from bringing or maintaining this action since it may be an out of state corporation transacting business in this state without proper statutory authority.
"Assuming arguendo that the plaintiff's foreclosure action falls under the rubric of `transacting business' and that the plaintiff is a foreign corporation such that certification is required before bringing suit, these allegations are not proper defenses to a foreclosure action. These special defenses are not defenses traditionally allowed in foreclosure actions. Furthermore, they are not equitable defenses to the foreclosure action because they do not address the making, validity or CT Page 10568 enforcement of the note. By contrast, [such] special defenses . . . relate to some behavior or business practice of the mortgagee,' which is not a defense to a foreclosure action."Shanas Group v. Taylor, Superior Court, judicial district of New Haven at New Haven, Docket No. 380296 (March 3, 1997, Celotto, J.), quoting Derby Savings Bank v. Benedetti, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 050760 (April 23, 1996, Curran, J.). Accordingly, the plaintiff's motion to strike the fifth special defense is granted.
The Court
Curran, J.