[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#127)MOTION TO STRIKE (#128)
The plaintiff, Source One Mortgage Services Corporation, filed an action on May 8, 1995, seeking foreclosure of a mortgage executed to secure a note on property located in Norwalk, Connecticut, and owned by the defendant, Stanislaw W. Dziurzynski. The defendant filed an answer, three special defenses, and a three-count counterclaim on June 9, 1996. The plaintiff filed a motion for summary judgment (#127) and a motion to strike the counterclaim (#128) on December 21, 1995. The defendant filed an objection to the motion for summary judgment and the motion to strike on February 2, 1996.
A motion to strike is proper when a party challenges counterclaims. Practice Book § 152(1). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group.Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,
CT Page 4332-EEEEE32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group,Inc., supra, 224 Conn. 215.
 I.
The plaintiff moves to strike the counterclaims because the plaintiff alleges the counterclaims do not arise from the same transaction as the complaint and are legally insufficient. The defendant responds that the counterclaims do arise from the same transaction; specifically, enforcement of the note and mortgage.
The defendant's three-count counterclaim alleges the following: the defendant entered into a payment plan with the plaintiff whereby the plaintiff would not institute a foreclosure action and the defendant would pay a sum certain to cure arrearages and the plaintiff breached this agreement, plaintiff is in violation of the Connecticut Unfair Trade Practices Act (CUTPA) General Statutes § 42-110 et seq. in its breach of the agreement and its failure to communicate with the defendant, and the defendant relied to his detriment on representations of plaintiff that the plaintiff would not commence the foreclosure action.
Practice Book § 116 provides, in pertinent part, "any defendant may file counterclaims against any plaintiff . . . provided that such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." The test is whether "judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counter] claim." Wallingford v. Glen ValleyAssociates, Inc., 190 Conn. 158, 161, 459, A.2d 525 (1983) (denying counterclaim sounding in tort in action for foreclosure of tax lien). A court must consider whether a substantial duplication of effort would result if each claim was decided separately. Id.
"Some foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counter claims and defenses not recognized in common law . . . this trend must have a boundary. An analysis of those cases recognizing equitable defenses and counterclaims suggest that they are proper only when they, like their common law counterparts, attack the note itself, rather than CT Page 4332-FFFFF some act or procedure by the mortgagor. . . . Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage."Shoreline Bank Trust v. Leninski, Superior Court, Judicial District of New Haven, Docket No. 335561 (March 19, 1993) (Celotto, J., 8 Conn. L. Rptr. 522); Provident Financial Service, Inc. v.Berkman, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995) (D'Andrea, J.)
The defendant argues that recent superior court cases have held that post-default, and even post-execution issues do not go to the essential transaction, the making and execution of the note at issue. Courts have denied and permitted modification agreements. The court in Home Savings of America v. Santilli, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 130634 (March 2, 1993) (D'Andrea, J.), held that while a restructuring agreement "may serve as a defense because it attacks the validity or enforcement of the note or mortgage, it does not follow that this defense operates as a window through which to bring a plethora of direct causes of action unrelated to the creation of the original note and mortgage." In New Haven v.Liner, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 034516 (April 1, 1993) (Curran, J.), the court held that the transaction at issue is not the whole foreclosure proceeding, it is the making of the note and the defendants' subsequent default. Bristol Savings Bank v. Miller, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 512558 (October 19, 1992) (Aurigemma, J.,7 Conn. L. Rptr. 517).
But in Dime Savings Bank v. Wu, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 107621 5 Conn. L. Rptr. 726
(November 25, 1991) (Rush, J.) the court denied the motion to strike the counterclaim alleging execution of a modification agreement because it was "closely related to the existence of the debt and foreclosure claims asserted in the complaint and, if not considered together, would involve substantial duplication of effort." See also Shawmut Bank v. Wolfley, Superior Court, Judicial District of Stamford/Norwalk, Docket No. 130109 (January 24, 1994) (Dean, J.) (denying motion to strike counterclaims related to modification agreement.)
The essential issue is whether judicial economy would be thwarted by permitting the claims to be asserted together. In the cases permitting a counterclaim, the agreement at issue was a CT Page 4332-GGGGG modification agreement. In this instance, however, the defendant did not allege that the agreement modified the mortgage. Therefore the inquiries may involve some similar questions, but the inquiry in the foreclosure proceeding is the execution and terms of the note and mortgage, and default by the defendant. The forbearance agreement suit would concern the validity and breach of the agreement, causation and injury, and the original note and mortgage would not be at issue.
Accordingly, the court grants the motion to strike the first counterclaim. The second and third counterclaims are likewise based upon the alleged agreement and fail if the first counterclaim fails.
 II.
The plaintiff moves for summary judgment on the complaint. The standard for summary judgment is well established. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Barrett v. Danbury Hospital, 232 Conn. 242, 250,654 A.2d 748 (1995).
The defendant asserts three special defenses. The first alleges accord and satisfaction, the second alleges a breach of the implied covenant of good faith and fair dealing, and the third alleges estoppel based on a forbearance agreement.
The plaintiff argues that the motion for summary judgment should be granted because there is no issue as to any material fact. The defendant responds that a motion for summary judgment as to a special defense is improper. The plaintiff argues that it is not seeking summary judgment as to the special defenses, but is seeking summary judgment as to the complaint and in spite of the defendant's special defenses. The courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper. Gianetti v. National Grange Is. Co., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 290854 (March 8, 1994) (Freedman, J. 11 Conn. L. Rptr. 234); Benjaminv. Nunes, Superior Court, Judicial District of Waterbury, Docket No. 102738 (May 21, 1993) (McDonald, J., 9 Conn. L. Rptr. 143). However, CT Page 4332-HHHHH these cases address summary judgment motions directed to a special defense. A party "`may properly move for summary judgment as to the complaint, based upon the allegations of a special defense.'" Gianetti v.National Grange, supra; Centerbank v. Silvermine Land Investment,
Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 122942 (December 16, 1992) (Lewis, J. 8 Conn. L. Rptr. 61). Accordingly, the court should address the motion as to the complaint, and evaluate whether the special defenses raise a genuine issue of fact.
In support of its motion the plaintiff attaches the note and mortgage deed to Fairfield County Mortgage Co., an affidavit of a title searcher, Edmond Leedham, tracing the assignment history of the note and mortgage to the plaintiff and the encumbrances and interests subsequent to the plaintiff's, an affidavit of Dennis I. Lutz, Vice President of the plaintiff corporation, which states that the note and mortgage are in default by virtue of nonpayment of installments of principal and interest due on October 1, 1994, and thereafter.
The defendant argues that there are genuine issues of material fact. Specifically, the defendant alleges, pursuant to its special defense, that the parties entered into two forbearance agreements, one on June 27, 1994, and the second on October 13, 1994. The defendant attached an affidavit executed by Dziurzynski stating that provided that Dziurzynski entered into an agreement with Ms. Robinson at Source One. The agreement stipulated to a number of monthly payments beginning on June 27, 1994. The second agreement involved a conversation with Mr. Backus at Source One on October 13, 1994, who informed Dziurzynski that he would accept the September 30 payment if it was received by October 24, 1994.
The plaintiff argues that the alleged forbearance agreements are unenforceable under the Statute of Frauds, and furthermore they are insufficient as special defenses because they do not address the making, validity or enforcement of the note or mortgage. In support of its first contention the plaintiff offers the defendant's response to an interrogatory which admits that both of the above agreements were oral. (Defendant Stanislaw W. Dziurzynski's Answer to Plaintiff's Request for Disclosure and Production.) The defendant does not take issue with the submitted documentary evidence, and admits the second agreement was oral.
"An accord is a contract between creditor and debtor for the settlement of a claim by some performance other than that which is CT Page 4332-IIIII due. Satisfaction takes place when the accord is executed."Gillis v. Gillis, 21 Conn. App. 549, 575 A.2d 230 (1990). The first special defense alludes to the alleged forbearance agreements. General Statutes § 52-550 provides, in pertinent part, "No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property." "In this state, mortgages are conveyances of legal title." State v. Hahn,207 Conn. 555, 562, 541 A.2d 499 (1988); Conference Center Ltd. v. TRC,189 Conn. 212, 218, 455 A.2d 857 (1983). A superior court considered the issue of whether a forbearance agreement falls within the statute of frauds. Glastonbury Bank Trust Co. v.Corbett Construction, Superior Court, Judicial District of New London, Docket No. 521355 (October 15, 1992) (Walsh, J.,7 Conn. L. Rptr. 519,7 CSCR 1320). The court found that while no Connecticut cases had addressed the issue, several jurisdictions have reached the conclusion that "an alleged oral agreement not to foreclose was between the, mortgagor and the mortgagee. As between these parties, the mortgage represented an interest in land. The agreement not to foreclose was therefore an agreement to surrender an interest in land. As such, the agreement was within the Statute of Frauds." Glastonbury Bank Trust Co. v. Corbett Construction,
supra, quoting Atlantic Financial v. Orianna, 594 A.2d 356, 357
(Pa.Super. 1991), see also Gatts v. E.G.T.G., 470 N.E.2d 425 (Ohio App. 1983); Casey v. Travelers Ins. Co., 585 So.2d 1361 (Ala. 1991); Hallaway Properties v. Bank of New York, 547 N.Y.S.2d 728
(A.D., 4th Dep. 1989), leave for appeal denied 557 N.Y.S.2d 309 (Ct.App. 1990). This court follows those cases in finding that a forbearance agreement is an interest in land. It logically follows, then, that there is no issue of fact. The plaintiff agrees that it discussed a forbearance agreement with the defendant, but provided evidence that the agreement was never reduced to writing. The defendant has not provided the court with contrary evidence and accordingly, the special defense does not provide a defense to the complaint.
The second defense alleges breach of the implied covenant of good faith and fair dealing. The special defense does not allege any facts to support this conclusion, as it must. Practice Book § 164; Shawmut Bank v. Carriage Hill Estates, Superior Court, Judicial District of Waterbury, Docket No. 116593 (June 10, 1994) (West, J.) In its response to interrogatories, the defendant alleged that it was basing this defense on defendant's failure to CT Page 4332-JJJJJ credit additional payment amounts made by the defendants to the outstanding arrears, by depositing the additional payments into a suspense account, and by reneging on the forbearance agreements discussed above. In the affidavit of Lutz, he represents that additional payments were applied to arrears, and there are currently no funds in the suspense account. The defendant has not contested this by affidavit or otherwise. Accordingly, there is no genuine issue of fact.
The second ground relates to the forbearance agreements which are unenforceable due to the Statute of Frauds, see discussion, supra.
The third special defense alleges an estoppel argument based upon the payment plan, that the defendant relied on the plan to his detriment. In order to preclude the granting of summary judgment, the special defense must allege facts which are consistent with the complaint but show, notwithstanding, that the plaintiff has no cause of action. Practice Book § 164. The traditional special defenses available in a foreclosure action are payment, discharge, release, satisfaction, and invalidity of a lien. Petterson v.Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927); Dime Savings Bankv. Albir, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132585 (February 7, 1995) (D'Andrea, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, and fraud; Petterson v.Weinstock, supra, 106 Conn. 442; equitable estoppel; Tradesman'sNational Bank of New Haven v. Minor, 122 Conn. 419, 422-25,190 A. 270 (1937); CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. Dime Savings Bank v. Albir, supra.
These special defenses have been recognized as valid special defenses where they are legally sufficient and address the making, validity or enforcement of the mortgage and/or note. LafayetteTrust Co. v. D'Addario, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 293534 (October 7, 1993) (Maiocco, J., 10 Conn. L. Rptr. 224); Shoreline Bank Trust Co. v.Leninski, supra; Bristol Savings Bank v. Miller, supra.
The plaintiff argues that post-workout negotiations do not attack the making, validity or enforcement of the note. As was discussed in the motion to strike, the forbearance agreement at issue in this case did not address the making, validity, or CT Page 4332-KKKKK enforceability of the note. There is no genuine issue of material fact as to the note and mortgage creation, terms, and the defendant's default. Furthermore, the alleged agreement is not, in and of itself, enforceable due to the Statute of Frauds, see discussion, supra. Accordingly, there is no genuine issue of material fact and the motion is granted.