[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
In this foreclosure action, the plaintiff filed a complaint on April 22, 1997 seeking, inter alia, foreclosure of the mortgage, possession of the property, damages, interest, attorney's fees, costs and a deficiency judgment against the defendants John and Patricia Gigola. On July 2, 1997, in response to the plaintiff's demand for disclosure of defense, the defendant Patricia Gigola filed a disclosure of defense indicating that her defense to the foreclosure action is that she and her deceased husband purchased life insurance at the time of a refinance of the loan, at the suggestion of the plaintiff, canceling prior life insurance, and that the plaintiff now claims that the insurance was for disability only and that no life insurance was procured. The defendant claims that the life insurance should have paid the balance of the loan upon the death of her husband. On July 14, 1997, the defendant filed her answer, including the special defenses of accord and satisfaction and misrepresentation related to the plaintiff's alleged non-procurement of life insurance, and a cross-complaint" (treated as a counterclaim by the plaintiff) alleging fraudulent misrepresentation and unfair trade practices.
On December 17, 1997, the plaintiff filed a motion to strike the defendant's special defense and counterclaim. On January 16, 1998, the defendant filed an "objection" to the plaintiff's motion to strike.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985). In addition, "[t]he legal sufficiency of a complaint or special defense thereto may be challenged by a motion to strike." Board of Education v. DowChemical Co., 40 Conn. Sup. 141, 142, 482 A.2d 1226 (1984); see Practice Book § 152(5); Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21,269 A.2d 83 (1983).
The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleadings] . . . and cannot be aided by the CT Page 4715 assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). However, the court must construe the special defense or counterclaim "in a manner most favorable to sustaining its legal sufficiency. (Citation omitted.) Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). Therefore, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark,14 Conn. App. 651, 654, 542 A.2d 752 (1988). Where the facts provable under the allegations would not support a special defense or counterclaim, the motion to strike must be granted. AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980).
The plaintiff claims that the special defense fails to state a valid defense because it does not attack the making, validity or enforcement of the note or mortgage. "A special defense requires the pleading of facts which are consistent with the plaintiff's statement of facts, but show, nevertheless, that [the plaintiff] has no cause of action. . . ." (Citation omitted; internal quotation marks omitted.) Bank of New Haven v. Liner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.); see Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992). "The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (Citations omitted; internal quotation marks omitted.) Mundaca Investment Corp. v.Atwood, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319174 (February 21, 1996, Moran, J.); see also GMAC Mortgage Corp. v. Ferrante, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343559 (October 3, 1997, West, J.); State Street Mortgage Co. v. Silano, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052499 (February 6, 1997, Curran, J.). "These special defenses have been recognized as valid special defenses where they were CT Page 4716 legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses and counterclaims cannot attack some act or procedure of the lienholder." (Citations omitted; internal quotation marks omitted.) Rinere v. M. Kalfus Building Design Corp. , Superior Court, judicial district of New Haven at New Haven, Docket No. 388220 (January 30, 1997, Celotto, S.T.R.); see Dime Savings Bankof New York v. Furrey, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.).
The defendant's first special defense alleges that the defendant and her deceased husband were mislead by false representations made by the plaintiff in connection with the procurement of insurance on the loan. "An action for fraud or misrepresentation requires proof of four elements: (1) that a false representation was made as a statement of fact; (2) that it was untrue and was known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the other party acted on the representation to his injury."Berkeley Federal Bank Trust v. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996, West, J.), citing Web Press Service Corp. v. New LondonMotors, Inc., 203 Conn. 342, 362, 525 A.2d 57 (1987). Even if the defendant has alleged the elements necessary for a cause of action sounding in misrepresentation, her special defense fails to attack the making, validity or enforcement of the note. Rather, it relates to a collateral insurance agreement. Accordingly, the plaintiff's motion to strike the defendant's special defense is granted.
The plaintiff also challenges the defendant's counterclaim, alleging fraudulent misrepresentation and unfair trade practices, arguing that the claims do not arise out of the same transaction which is the subject of the complaint, and that the claims are barred by the statute of limitations. Practice Book § 116 provides, in pertinent part: "[A]ny defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." CT Page 4717 Practice Book § 116. "The test is whether judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counter]claim. "' Source One v.Dziurzynski, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.) (17 Conn. L. Rptr. 29), quoting Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 161, 459 A.2d 525 (1983). "Although some foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counterclaims . . . not recognized at common law . . . this trend must have a boundary. An analysis of those cases recognizing . . . counterclaims suggests that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor." (Citations omitted; internal quotation marks omitted.) Source One v. Dziurzynski, supra,17 Conn. L. Rptr. 29. "Courts have not been receptive to foreclosure defendants who have asserted . . . counterclaims based on factors outside of the note or mortgage." Rinere v. M. Kalfus Building Design Corp. , supra, Superior Court, Docket No. 388220.
It appears that the defendant's "cross-complaint," which will be considered here as a counterclaim, raises two separate actions — one for fraudulent misrepresentation and one for a violation of CUTPA. Even assuming that the defendant has properly pled these separate actions; see Practice Book § 138;[1] the defendant's counterclaims do not arise out of the transaction at issue in the complaint.
The first basis for the defendant's counterclaim appears to be fraudulent misrepresentation, as the defendant has alleged that the plaintiff misrepresented to the defendant coverage for which she paid insurance premiums, that the plaintiff induced the defendant to cancel her existing insurance at the time of refinance and that this inducement detrimentally affected the defendant. Without addressing whether the defendant has properly alleged a cause of action for fraudulent misrepresentation, the counterclaim does not arise out of the making, validity or enforcement of the note or mortgage, as the claim relates to insurance, a matter collateral to the note and mortgage. Therefore, the counterclaim on this basis does not arise out of the same transaction as the complaint.
Similarly, the factual underpinnings for the defendant's CUTPA claim are identical to those in support of the special defense and the first basis under the counterclaim. Even if the defendant has CT Page 4718 properly alleged a violation of CUTPA, the alleged collateral insurance arrangement, and misrepresentation thereof, in no way relates to the making, validity and enforcement of the note or mortgage. The court grants the plaintiff's motion to strike the counterclaim, as neither of the defendant's bases arise out of the foreclosure, which is the subject of the plaintiff's complaint. Pursuant to this conclusion, the court need not address the plaintiff's second ground for its motion to strike the counterclaim based on the tolling of the statute of limitations for misrepresentation and CUTPA actions.
Because the defendant's special defense does not challenge the making, validity or enforcement of the note or mortgage at issue, the plaintiff's motion to strike the special defense is granted. In addition, because the defendant's counterclaims do not arise out of the same transaction as the plaintiff's complaint, the assertion of such claims in the present action is improper. Therefore, the court grants the plaintiff's motion to strike the counterclaim.
The Court By Curran, J.