[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
In this foreclosure action, the plaintiff filed a complaint on May 28, 1997 seeking, inter alia, foreclosure of the mortgage, possession of the property, attorney's fees, costs and a deficiency judgment against the defendant Mark F. Delvecchio. On August 7, 1997, the defendant filed his answer, which included a special defense, asserting equitable estoppel due to alleged representations by one of the plaintiff's employees that the defendant would be allowed to bring his account current, and a counterclaim for attorney's fees under the "concept of mutuality of obligation." On September 8, 1997, the defendant filed a request to amend his answer to include a second counterclaim for a violation of the Connecticut unfair Trade Act ("CUTPA").
On January 20, 1998, the plaintiff filed a motion to strike the defendant's special defense, counterclaims and prayers for relief. On January 26, 1998, the defendant filed a memorandum in opposition to the plaintiff's motion to strike.[1]
"A motion to strike tests the legal sufficiency of a cause of CT Page 4709 action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985). In addition, "[t]he legal sufficiency of a complaint or special defense thereto may be challenged by a motion to strike." Board of Education v. DowChemical Co., 40 Conn. Sup. 141, 142, 482 A.2d 1226 (1984); see Practice Book § 152(5); Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21,269 A.2d 83 (1983). Finally, Practice Book § 152 provides that a motion to strike is the proper method to challenge the "legal sufficiency of any prayer for relief in any . . . counterclaim. Practice Book § 152(2).
The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleadings] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). However, the court must construe the special defense or counterclaim "in a manner most favorable to sustaining its legal sufficiency.", (Citation omitted.) Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). Therefore, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark,14 Conn. App. 651, 654, 542 A.2d 752 (1988). Where the facts provable under the allegations would not support a special defense or counterclaim, then the motion to strike must be granted. AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980).
The plaintiff claims that the special defense fails to state a valid defense because it does not attack the making, validity or enforcement of the note or mortgage. "A special defense requires the pleading of facts which are consistent with the plaintiff's statement of facts, but show, nevertheless, that [the plaintiff] has no cause of action. . . ." (Citation omitted; internal quotation marks omitted.) Bank of New Haven v. Liner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CT Page 4710 034516 (April 2, 1993, Curran, J.); see Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992). "The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (Citations omitted internal quotation marks omitted.) Mundaca Investment Corp. v.Atwood, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319174 (February 21, 1996, Moran, J.); see also GMAC Mortgage Corp. v. Ferrante, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343559 (October 3, 1997, West, J.); State Street Mortgage Co. v. Silano, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052499 (February 6, 1997, Curran, J.). "These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses and counterclaims cannot attack some act or procedure of the lienholder." (Citations omitted; internal quotation marks omitted.) Rinere v. M. Kalfus Building Design Corp. , Superior Court, judicial district of New Haven at New Haven, Docket No. 388220 (January 30, 1997, Celotto, S.T.R.); see Dime Savings Bankof New York v. Furrey, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.).
"Equitable estoppel has been recognized as a defense in a foreclosure action. `Successful assertion of the doctrine of equitable estoppel requires proof of two elements: (1) a statement or action by the party against whom estoppel is claimed designed to induce reliance on that statement or action; and (2) a changed position by the second party in reliance on the act or statement of the first that results in loss or injury to the second party. . . For estoppel to exist, there must be misleading conduct CT Page 4711 resulting in prejudice to the other party.'
"Moreover, equitable estoppel defenses are limited to those which attack the making, validity or enforcement of the lien. (Citations omitted; internal quotation marks omitted.) Rinere v. M.Kalfus Building Design Corp. , supra, Superior Court, Docket No. 388220, quoting Rosenfield v. Metals Selling Corp. , 229 Conn. 771,793-94, 643 A.2d 1253 (1994).
The factual allegations of the defendant's special defense do not attack the making, validity or enforcement of the note or mortgage. Rather, they relate to an alleged subsequent oral agreement for the plaintiff to accept amounts in arrearage to bring the account current, which does not address the making, validity or enforcement of the note or mortgage, and which does not alter the plaintiff's right to foreclose. Therefore, the plaintiff's motion to strike the special defense is hereby granted.
The plaintiff also challenges the defendant's counterclaims, arguing that they are insufficient because they fail to state a cause of action, and because they do not arise out of the same transaction which is the subject of the complaint. Practice Book § 116 provides, in pertinent part: "[A]ny defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." Practice Book § 116. "The test is whether judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counter]claim."' Source One v.Dziurzynski, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.) (17 Conn. L. Rptr. 29), quoting Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 161, 459 A.2d 525 (1983). "Although some foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counterclaims . . . not recognized at common law . . . this trend must have a boundary. An analysis of those cases recognizing . . . counterclaims suggests that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor." (Citations omitted; internal quotation marks omitted.) Source One v. Dziurzynski, supra,17 Conn. L. Rptr. 29. "Courts have not been receptive to foreclosure defendants who have asserted . . . counterclaims based on factors outside of the note or mortgage." Rinere v. M. Kalfus Building CT Page 4712Design Corp. , supra, Superior Court, Docket No. 388220. "The making of the note and the . . . subsequent default is the `transaction' at issue." Bank of New Haven v. Liner, supra, Superior Court, Docket No. 034516.
Neither of the defendant's counterclaims arises out of the transaction at issue in the complaint. The defendant's first counterclaim seeks attorney's fees pursuant to the "concept of mutuality of obligation." This claim is apparently based on the notion that since the mortgage provides for the payment of attorney's fees in the event of the defendant's default, and since the plaintiff denied the defendant the ability to bring his account current, after representing that it would, because his payment was $2.00 short due to an error in calculation for discontinued life insurance payments on the loan, mutuality of obligation" would dictate that the defendant is entitled to attorney's fees. Without addressing the propriety of such an attenuated claim, it is noted that the counterclaim does not arise out of the making, validity or enforcement of the note or mortgage, as the claim relates to conduct by the plaintiff subsequent to the making of the note and default, and therefore does not arise out of the same transaction as the complaint. The court grants the plaintiff's motion to strike the first counterclaim.
Similarly, the factual underpinnings for the defendant's CUTPA claim in the second counterclaim are the same as the special defense — that is, the claim is based on the alleged oral agreement to bring the account current. The alleged conduct of the plaintiff, which the defendant claims violates CUTPA, in no way relates to the making, validity and enforcement of the note or mortgage. Therefore, without deciding whether the CUTPA claim is even a viable claim pursuant to the "cigarette rule," the court grants the plaintiff's motion to strike the second counterclaim.
Because the defendant's special defense does not challenge the making, validity or enforcement of the note or mortgage at issue, the plaintiff's motion to strike the special defense is granted. In addition, because the defendant's counterclaims do not arise out of the same transaction as the plaintiff's complaint, the assertion of such claims in the present action is improper. Therefore, the court grants the plaintiff's motion to strike the counterclaims.
In striking the defendant's counterclaims, the prayers for relief under those claims will be simultaneously stricken. Although the defendant's prayer for attorney's fees need not be CT Page 4713 separately challenged by a motion to strike, the plaintiff has so challenged it. Accordingly, the plaintiff's motion to strike the defendant's prayer for relief seeking attorney's fees is granted.
The Court By Curran, J.