[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff instituted this proceeding by filing a foreclosure action against James and Stacey Saraceni (Saraceni) on June 4, 1999. The defendants filed an answer along with special defenses and counterclaims on June 16, 1999. Chase withdrew its complaint on September 13, 1999. The defendants then filed a motion for default for Chase's failure to plead in response to the counterclaims. That motion was granted on October 13, 1999. On November 9, 1999, Chase filed the three counterclaims of its own on the grounds that the defendants' counterclaims are invalid because they do not arise out of the same transaction as the complaint. The default was set aside on November 22, 1999, and on December 10, 1999, Saraceni filed, along with a supporting memorandum of law, an objection to Chase's motion to strike.
Saraceni has asserted three counterclaims. The first alleges that Chase violated the covenant of good faith and fair dealing embodied in § 21 of the mortgage. Specifically, the default on which the foreclosure was predicated was cured within the thirty (30) day period provided for under that mortgage agreement. Notwithstanding the cure, Chase commenced the foreclosure action. The second alleges that Chase slandered the defendants' title by filing the us pendens in the Newtown Land Records even though the default had been cured. The third asserts that Chase libeled the defendants by damaging their reputation, business and credit by filing the lis pendens.
Chase argues that the counterclaims are invalid unless they arise out of the same transaction as the complaint which, in this case, Chase argues, is the alleged default on the note or the mortgage. See Practice Book § 10-10. Therefore, argues Chase, each of the defendants' counterclaims are legally insufficient because they are based, not on the note or mortgage, but on the plaintiffs acts and procedures in bringing the foreclosure or those occurring subsequent thereto. Consequently, the counterclaims do not arise out of the same transaction, i.e., the terms of the note or mortgage.
"The withdrawal of an action after a counterclaim . . ., has been filed therein shall not impair the right of the defendant to CT Page 3369 prosecute such counterclaim as fully as if said action had not been withdrawn. . . ." Gattoni v. Zaccaro, 52 Conn. App. 274, 280
(1999), quoting Practice Book § 10-55; see also Boothe v.Armstrong, 76 Conn. 530, 533 (1904). However, the right to proceed with a counterclaim after the withdrawal of the underlying complaint is not absolute, it is subject to the same substantive and procedural requirements "as if said [complaint] had not been withdrawn." Practice Book § 10-55; Gattoni v.Zaccaro, supra. "[A] counterclaim, if proper, is an independent action" and may go forward as such. Union Carbide Corp. v. AetnaCasualty Surety Co., 212 Conn. 311, 318 (1989).
In using the words, "if proper," the court in Union CarbideCorp. cites to Practice Book §§ 116, 168 and 169, now §§ 10-10, 10-54 and 10-55, respectively, to determine what is proper. The pertinent section for purposes of the instant counterclaim is § 10-10 which requires that a valid counterclaim "[arise] out of the transaction or one of thetransactions which is the subject of the plaintiffs complaint. . . ." (Emphasis added.) In applying this "transaction test," courts are afforded broad discretion in determining whether the counterclaim arises out of the transaction that is the subject of the complaint; therefore, absent plain error or an abuse of discretion a court's determination will not be disturbed. See Atlantic Richfield Co. v. Cannan Oil Co.,202 Conn. 234, 251 (1987) (upholding trial court's determination that the counterclaim may proceed because the counterclaim arose out of the transactions that comprised the subject of the plaintiffs complaint"); Jackson v. Conland, 171 Conn. 161, 166 (1976) (upholding trial court's determination that the cross claim was invalid because it did not arise out of the same transaction that was the subject of the complaint).
In a foreclosure action, the relevant factors for a court to consider in determining whether the "transaction test" has been met by the counterclaim includes: (1) whether the counterclaim is based on factors outside of the note or mortgage; (2) whether different issues of fact and law are presented by the complaint and counterclaim; and (3) whether separate trials would involve a substantial duplication of effort. See Knutson Mortgage Corp. v.Williams, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334486 (September 26, 1997, West, J.); see also Atlantic Richfield Co. v. Cannan Oil Co., supra; Jackson v.Conland, supra. CT Page 3370
In applying the "transaction test," many recent decisions of the Superior Court "have not been receptive to foreclosure defendants who have asserted defenses and counterclaims outside of the note or mortgage." (Internal quotation marks omitted.)GMAC Mortgage Corp. v. Nieves, Superior Court, judicial district of Stamford-Norwalk, Docket No. 164925 (January 29, 1999, Tobin,J.); Home Savings of America v. Newkirk, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150962 (January 5, 1998, Hickey, J.) (17 Conn. L. Rptr. 29, 30); SourceOne v. Dziurzynski, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145337 (May 22, 1996,Hickey, J.); Provident Financial Service, Inc. v. Berkman,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.). In the aforementioned cases, the courts decisions do not directly address the issue of the filing of a lis pendens and a slander of title or libel per se counterclaim. However, the decisions do address counterclaims for alleged wrongful acts, conduct or procedures engaged in by the plaintiff, outside of the actual foreclosure proceeding, while seeking enforcement of a note or mortgage. In each case, the courts concluded that such counterclaims failed the "transaction test" and were invalid because they did not relate closely enough to the subject of the foreclosure action, and as such did not arise out of the transaction, i.e. the foreclosure, which is the subject of the complaint. See GMAC Mortgage Corp. v. Nieves, supra; Home Savingsof America v. Newkirk, supra; Source One v. Dziurzynski, supra;Provident Financial Service, Inc. v. Berkman, supra.
It would be incongruous to conclude that a counterclaim, which would otherwise be invalid, had the underlying complaint not been withdrawn, would somehow become valid when the complaint is withdrawn. The decisions upholding the right of a party to pursue a counterclaim after the complaint has been withdrawn allow the counterclaim to proceed as long as each is substantively and procedurally proper. A proper counterclaim must, inter alia, comport with the requirements of § 10-10, which requires that a counterclaim "arise out of the transaction or one of thetransactions which is the subject of the plaintiffs complaint. . . ." (Emphasis added.) Any substantive or procedural requirements applicable to a counterclaim where the complaint was not withdrawn apply with equal force, therefore, when the underlying complaint has been withdrawn,
In the present case, the defendant's first counterclaim is CT Page 3371 based directly on the terms of the mortgage agreement set forth paragraph 21 and the plaintiffs alleged failure to comply with it.[1] That section requires the plaintiff, prior to initiating a foreclosure proceeding, to specify: (1) the default; (2) the action required to cure the default; (3) a date, not less than thirty (30) days from the date the notice is given to borrower, by which the default must be cured; and (4) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the security instrument. The defendants allege that Chase is liable to them for its failure to comply with the aforementioned express terms of the mortgage agreement. The defendants further argue that the filing of a counterclaim is the commencement of another action according to Consolidated Motor Lines, Inc. v. M MTransportation Co., 128 Conn. 107 (1941), and therefore, pursuant to Practice Book § 10-55, they may prosecute their counterclaims "as fully as if [Chase's complaint] had not been withdrawn."
Chase argues that the first counterclaim is legally insufficient because: (1) it attacks Chase's conduct after execution of the mortgage; (2) it is based on factors outside of the mortgage; and (3) it is not based on the execution of the mortgage itself. See Source One v. Dziurzynski, supra; GMACMortgage Corp. v. Nieves, supra, Superior Court, Docket No. 164925; Knutson Mortgage Corp. v. Williams, supra.
The defendants' first counterclaim survives the "transaction test' because it is based directly on the specific terms and protections set forth in paragraph 21 of the mortgage agreement and is "closely related to the existence of the [alleged] debt and the foreclosure claims asserted in the complaint." (Internal quotation marks omitted.) Source One v. Dziurzynski, supra. The defendants' first counterclaim is not "based on factors outside of the note or mortgage," but is based on the express terms of the mortgage agreement itself. Chase stated in its complaint that it had cause to initiate foreclosure proceedings since it had complied with all the requirements of paragraph 21 of the mortgage agreement and "provided written notice in accordance with [paragraph 21 of] the note and mortgage" to the defendants. The defendants' counterclaim directly challenges that allegation and Chase's institution of the foreclosure action, ab initio, on the grounds that there was never a default and that Chase violated the express terms of the mortgage agreement. Therefore, as to the first counterclaim the court finds: (1) that the CT Page 3372 counterclaim is not based on factors outside of the note or mortgage; (2) that the same issues of fact and law are presented by the complaint and counterclaim; and (3) that separate trials would involve a substantial duplication of effort. The motion to strike the first counterclaim is, accordingly, denied,
The defendants' second counterclaim is for slander of title and the third is for libel per se. Both are based on the undisputed fact that Chase filed a lis pendens on the defendants' property in the Newtown Land Records subsequent to filing the foreclosure action even though the defendants were allegedly not in default. A lis pendens is a statutory creation utilized when "real property is the subject of litigation . . . it is intended to give constructive notice to persons seeking to purchase or encumber property after the recording of a lien or the commencement of a foreclosure suit. . . ." (Internal quotation marks omitted.) First Constitution Bank v. Harbor Village Ltd.Partnership, 37 Conn. App. 698, 703 (1995).
The defendants argue that they have alleged sufficient facts in their pleadings to maintain a slander of title cause of action against Chase pursuant to § 47-33j of the General Statutes. Therefore, the defendants argue that Chase's withdrawal of the complaint does not impair the defendants' right to proceed with the counterclaim. Additionally, the defendants assert that Chase's withdrawal of the foreclosure complaint further supports a finding that Chase did not have probable cause to institute the foreclosure action.
Whether or not the defendants have made a prima facie case for slander of title is not dispositive of whether they may proceed with the second counterclaim. Assuming arguendo that the defendants have made out such a case, the counterclaim may still be invalid.[2] The dispositive issue in the present case is The court does additionally note that the defendants have failed to set forth allegations to support a finding of malice, a necessary element for proof of slander of title, in Chase's filing of the whether the second counterclaim fulfills the "transaction test'; it does not. Distinct "issues of fact and law are presented by the complaint and the [counterclaim]" regarding both the slander of title and libel counterclaims. KnutsonMortgage Corp. v. Williams, supra, (quoting Jackson v. Conland,
supra. At issue, in the complaint and foreclosure proceeding is the note and mortgage and the defendants' alleged default, NOT
CT Page 3373 the filing of a lis pendens, which is ancillary to the foreclosure proceeding. (Emphasis supplied.) The slander of title and libel per se counterclaims are based upon Chase's alleged misconduct, the filing of the lis pendens, subsequent to the execution of the note and mortgage and not based on the note or mortgage themselves.
Again, assuming arguendo that the defendants were not in default, the filing of the lis pendens would not necessarily result in a finding that Chase is liable for slander of title because each element of slander of title must be proven to support such a finding, not just the absence of default. Therefore, whether the defendants were in default, which is the subject matter of the complaint, is not the subject of the counterclaim for slander of title. Instead, whether Chase filed the lis pendens with malice, i.e., "with knowledge that [was] false or with a reckless disregard of the truth or falsity of the facts stated," is the subject of the counterclaim. Moriarty v.Lippe, 162 Conn. 371, 387 (1972). Such issues of law and fact are not the subject of a foreclosure proceeding wherein the court determines whether the defendant is in default and enters judgment accordingly. A separate proceeding is appropriate to adjudicate a slander of title cause of action as its existence depends on different law and facts, and little duplication of effort would occur in such a separate proceeding.
The defendants' third counterclaim, libel per se, requires the satisfaction of elements beyond the determination of default, which is the subject of the withdrawn complaint. To sustain a cause of action for libel per se the defendants must show that the filing of the lis pendens "charges improper conduct or lack of skill or integrity in [the defendants'] profession and is of such a nature that it is calculated to cause injury to [the defendants] in [their] profession. . . ." Peters v. Carra,10 Conn. App. 410, 413-14 (1987), quoting Moriarty v. Lippe, supra, 386. The defendants have sufficiently, contrary to Chase's argument, alleged libel per se in their counterclaim by stating that they "have been greatly damaged in their reputation, business, and credit." (Counterclaim, June 16, 1999.) However, the libel per se counterclaim fails to meet the requirements of the "transaction test," as its elements are also not closely related to the "existence of the debt and foreclosure claims" and the counterclaim requires the application of different law and the determination of distinct facts beyond the determination of the existence or absence of default. See Source One v.CT Page 3374Dziurzynski, supra. As such, the third counterclaim depends upon the determination of law and facts outside of the determination of default,
To summarize, as to the second and third counterclaims, the court finds: (1) that the counterclaims are based on factors outside of the note or mortgage; (2) that different issues of fact and law are presented by the complaint and counterclaims; and (3) that separate trials would not involve a substantial duplication of effort. The motion to strike the defendants' second and third counterclaims is, accordingly, granted.[3]
Moraghan, J.