[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES AND COUNTERCLAIMS (#113)
 FACTS
The plaintiff, Ocwen Federal Bank, filed a one count complaint on October 18, 1999, seeking foreclosure and possession of a condominium owned by the defendant, Linda A. Stawski, located at 105 Pleasant Valley Road, Unit 22, in Groton. In the complaint, the plaintiff alleges that it is the assignee of a promissory note and mortgage executed by the defendant on August CT Page 4884 30, 1994. The plaintiff alleges further that the note is in default and that the plaintiff has elected to accelerate the balance due and to foreclose the mortgage.
On November 24, 1999, the defendant filed an answer, a counterclaim in three counts, and five special defenses. In her answer, the defendant admits to the existence of the note and mortgage but denies that the note is in default. In the first count of the counterclaim, the defendant alleges that she and "the plaintiff's predecessor in interest" entered into a forbearance agreement, which the plaintiff breached by increasing the defendant's monthly payments. The defendant alleges that this amounted to a breach of implied covenants of good faith and fair dealing.
In the second count of the counterclaim, the defendant alleges that the plaintiff's agents advised the defendant not to make additional payments while under the alleged forbearance agreement, not to refinance the mortgage, and not to sell the property in order to pay off the debt. The defendant alleges that she relied on this advice and that as a result of her reliance, the total debt has increased, causing the defendant emotional distress, financial loss and bad credit consequences. In count three of the counterclaim the defendant alleges that the plaintiff's actions described in count two violated the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes §§ 42-110a to 42-110q.
The defendant's five special defenses are based on essentially the same allegations as the counterclaims. In the first special defense, the defendant alleges that the plaintiff increased the monthly payments without notice or explanation while the parties were under a forbearance agreement. In the second special defense, the defendant alleges that the plaintiff or its predecessor in interest did not explain to the defendant that interest would continue to accrue while the forbearance agreement was in effect, thus increasing the amount of the debt. The third, fourth, and fifth defenses respectively contain allegations that the plaintiff caused the total debt to be increased by advising the defendant not to make additional payments on the account, not to refinance the mortgage, and not to sell the property to pay off the debt.
On December 13, 1999, the plaintiff filed a motion to strike the counterclaims and special defenses. The plaintiff asserts CT Page 4885 that the counterclaims should be stricken because they do not arise out of the same transaction as the complaint. The plaintiff also claims that the court should strike the second special defense because the plaintiff is not responsible for actions taken by the assignor of the note and mortgage and that the third, fourth, and fifth special defenses are insufficient because the defendant has failed to plead an agency relationship. In addition, the plaintiff states that all the counterclaims and special defenses are invalid because they fail to address the making, validity, or enforcement of the note and mortgage. The plaintiff and defendant have submitted memoranda of law pursuant to Practice Book § 10-42.
 DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any . . . counterclaim . . . or any one or more counts thereof, to state a claim upon which relief can be granted . . . or . . . the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. . . . The role of the trial court [is] to examine the [pleading], construed in favor of the [pleading party], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Citation omitted.)Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996).
The plaintiff seeks to have the defendant's five special defenses stricken on the ground that they fail to address the making, validity, or enforcement of the note and mortgage. The plaintiff also argues that the second special defense should be stricken because the plaintiff is not responsible for actions taken by the assignor of the note and mortgage, and that the third, fourth, and fifth special defenses should be stricken because the defendant has failed to plead an agency relationship.
"At common law, the only defenses to [a foreclosure action] would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . Moreover, our courts have permitted several equitable defenses to a foreclosure action." (Citation omitted; internal quotation marks omitted.) CT Page 4886Southbridge Associates, LLC v. Garofalo, 53 Conn. App. 11, 15,728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they attack the making validity or enforcement of the lien, rather than some act or procedure of the lienholder. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." DimeSavings Bank v. Albir, Superior Court, judicial district of Stamford/Norwalk, Docket No. 132582 (February 7, 1995, D'Andrea,J.). This criterion has also recently been recognized by the Appellate Court. See Southbridge Associates, LLC v. Garofalo, supra, 53 Conn. App. 17 ("the trial court properly granted the motion for summary judgment on the basis of its conclusion that the defense . . . failed to attack the making, validity or enforcement of the notes and mortgages").
Furthermore, the basic definition of a special defense supports the "making, validity, or enforcement" requirement. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana InvestmentCorp., 249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book § 10-50. "Since [the plaintiff's] complaint alleges that the defendants executed a mortgage in favor of [the plaintiff], and that the defendants subsequently defaulted upon that mortgage, the defendants' special defenses must attack the making, validity, or enforcement of the mortgage being foreclosed upon." Shawmut Bank v. Carriage Hill Estates, Inc., Superior Court, judicial district of Waterbury, Docket No. 116593 (June 10, 1994, West, J.).
In the present case, the first special defense alleges only that the plaintiff increased the amount of the monthly payment without notice or explanation to the defendant while the parties were under a forbearance agreement. The defendant has provided no factual basis for the court to ascertain the nature of the alleged forbearance agreement. There is no basis for a conclusion that the alleged agreement rendered the note and mortgage invalid or unenforceable. The allegations relate only to acts or procedures of the lienholder after execution of the CT Page 4887 note and mortgage. The first special defense therefore fails to address the making, validity, or enforcement of the mortgage. Consequently, the motion to strike is granted as to the first special defense.
The second special defense alleges that the plaintiff or its predecessors in interest failed to fully explain to the defendant the consequences of the alleged forbearance agreement and that the amount due was therefore increased. Similarly, the third, fourth, and fifth special defenses contain allegations that the plaintiff's agents gave certain advice to the defendant, and that the amount due was increased as a result. Because these four defenses address only the amount of the debt, they do not demonstrate that the plaintiff has no cause of action, and therefore fail to come within the definition of a special defense. See Fleet Mortgage v. Akavalos, Superior Court, judicial district of New London at New London, Docket No. 539966 (May 21, 1999, Martin, J.); Centerbank v. GRI Investment Co., Superior Court, judicial district of Waterbury, Docket No. 117702 (May 12, 1994, Sylvester, J.); Amenta v. Nationwide Property andCasualty Ins., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 521050 (July 27, 1993, Mullarkey,J.) (8 C.S.C.R. 915). "Proper calculation of the mortgage debt must occur in any case, and does not require a special defense."Federal Deposit Insurance Corp. v. Brunetti, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 294979 (March 31, 1993, Fuller, J.). Put another way, a defense disputing the amount due does not address the making, validity, or enforcement of the note or mortgage and is therefore not a valid special defense to a foreclosure action. The motion to strike is therefore granted as to special defenses two, three, four, and five.
A counterclaim brought by a defendant in a foreclosure action, like a special defense, must address the making, validity or enforcement of the note and mortgage. PNC Bank v. Slodowitz, Superior Court, judicial district of Waterbury, Docket No. 137057 (July 19, 1999, West, J.); Citytrust v. Kings Gate Developers,Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 106448 (October 19, 1990, Lewis, J.) Again, "[t]he rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." CT Page 4888Dime Savings Bank v. Albir, supra, Superior Court, Docket No. 132582. This requirement then is nothing more than an application of Practice Book § 10-10 which provides that "any defendant may file counterclaims . . . provided that each such counterclaim . . . arises out of the same transaction or one of the transactions which is the subject of the plaintiff's complaint . . . ."
In the first counterclaim, the defendant alleges that the plaintiff breached the parties' forbearance agreement by increasing the monthly payments. As a general rule, the, breach of a forbearance agreement does not address the making, validity, or enforcement of the mortgage and note and therefore does not arise from the same transaction as the complaint in a foreclosure action. GE Capital Mortgage Services, Inc. v. Rumbin, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 064715 (July 6, 1999, Curran, J.). While a counterclaim arising from a modification agreement may withstand a motion to strike; see Dime Savings Bank v. Wu, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 107621 (November 25, 1991, Rush, J.) (5 Conn.L.Rptr. 726); a counterclaim based on a forbearance agreement is subject to a motion to strike when there is no allegation that the agreement modified the original mortgage.[1] Source One v. Dziurzynski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.) (17 Conn. L. Rptr. 29) . This is because the original mortgage and the subsequent forbearance are separate transactions and "judicial economy would be thwarted by permitting the claims to be asserted together. . . . [T]he inquiry in the foreclosure proceeding is the execution and terms of the note and mortgage, and default by the defendant. The forbearance agreement suit would concern the validity and breach of the agreement, causation and injury, and the original note and mortgage would not be at issue." Id. The motion to strike is granted as to the first count of the defendant's counterclaim because it does not arise from the same transaction as the complaint.
In the second count of the counterclaim, the defendant alleges that she was given certain advice by the plaintiff or its agents and that she relied on this advice to her detriment, resulting in an increase in the debt, the inability to sell off her property, emotional distress, financial loss, and bad credit consequences. The third count alleges that the actions of the plaintiff constitute a violation of the Connecticut Unfair Trade CT Page 4889 Practices Act (CUTPA), General Statutes §§ 42-110a to 42-110q. Like the first count of the counterclaim, these allegations relate entirely to acts and procedures of the plaintiff after the execution of the note and mortgage, rather than the making, validity, or enforcement of the note and mortgage. Consequently, they do not arise from the same transaction as the complaint and are invalid as counterclaims under Practice Book § 10-10. The motion to strike is granted as to the second and third counts of the counterclaim.
 CONCLUSION
In her special defenses and counterclaim, the plaintiff has alleged no acts relating to the making, validity, or enforcement of the note and mortgage. Consequently, this court need not consider the plaintiff's other grounds for its motion. The motion to strike is granted as to all special defenses and all counts of the counterclaim.
Martin, J.